# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>**(For a Petty Offense)** |
| v. | CASE NUMBER: 11-PO-00149-DLW-01<br>U.S. MARSHAL NO: 38901-013 |
| MARK L. HALPER | Douglas Reynolds, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Plead Guilty to Counts 1 and 4 of the Amended Information.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is Guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 16 U.S.C. § 551;<br>36 C.F.R. § 261.9(a) | Damaging a Natural Feature or Other Property of the United States | 06/07/11 | 1 |
| 16 U.S.C. § 551;<br>36 C.F.R. § 261.10(k) | Use or Occupying National Forest System Land Without Authorization | 06/07/11 | 4 |

The Defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Counts 2, 3 and 5 of the Amended Information and Count 2 in Criminal Case No. 10-PO-00145-DLW are dismissed on the motion of the United States.

IT IS ORDERED that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the Defendant shall notify the court and United States Attorney of any material change in the Defendant's economic circumstances.

October 30, 2012
Date of Imposition of Judgment

s/David L. West
Signature of Judicial Officer

David L. West, U.S. Magistrate Judge
Name & Title of Judicial Officer

November 6, 2012
Date

DEFENDANT:  MARK L. HALPER
CASE NUMBER:  11-PO-00149-DLW-01                                                   Judgment-Page 2 of 7

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred and twenty (120) days as to Count 1.

The Court recommends that the Bureau of Prisons provide the Defendant with mental health treatment while confined.

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

# PROBATION

The Defendant is hereby placed on probation for a term of three (3) years as to Count 4.

The Defendant shall not commit another federal, state, or local crime (statute or regulation) and shall not illegally possess a controlled substance.

The Defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the Defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

1) The Defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The Defendant shall support his dependents and meet other family responsibilities.
5) The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The Defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

DEFENDANT:  MARK L. HALPER
CASE NUMBER:  11-PO-00149-DLW-01                                                                Judgment-Page 4 of 7

13)      As directed by the probation officer, the Defendant shall notify third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

14)      The Defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF PROBATION

1)      The Defendant shall complete a mental health evaluation and participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the Defendant is released from the program by the probation officer.  The Defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

2.      The Defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist.  The Defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

3.      The Defendant shall not enter onto any U. S. Forest Service lands or Bureau of Land Management lands during the term of his probation without prior written approval of the supervising probation officer.

4.      The Defendant shall permit access (ingress and egress) to the U. S. Forest Service and any of its authorized contractors via the driveway and property belonging to the Defendant and/or Sunshine Mesa, L.L.C. for the purposes of the necessary rehabilitation to be performed upon the affected U.S. Forest Service property.  The Defendant shall furnish written permission from himself and the owners of Sunshine Mesa, L.L.C. to the U. S. Forest Service to allow access as set forth in the Plea Agreement by March 1, 2013.

DEFENDANT:  MARK L. HALPER
CASE NUMBER:  11-PO-00149-DLW-01                                                                 Judgment-Page 5 of 7

## MONETARY OBLIGATIONS

      The Defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $10.00 | $0.00 | $0.00 |
| 4 | $10.00 | $0.00 | $9,704.86 |
| **TOTALS** | $10.00 | $0.00 | $0.00 |

The Defendant shall make restitution to the following payees in the amounts listed below.  If the Defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| U. S. Forest Service<br>15 Burnett Court<br>Durango, CO 81301 | $9,704.86 | $9,704.86 | |
| **TOTALS** | $9,704.86 | $9,704.86 | |

DEFENDANT:  MARK L. HALPER  
CASE NUMBER:  11-PO-00149-DLW-01                                                                 Judgment-Page 6 of 7

## SCHEDULE OF PAYMENTS

Having assessed the Defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessments are due by November 1, 2012.  The Probation Office is to determine reasonable monthly restitution payments.  Furthermore, the Defendant must provide the monthly restitution payments to the Probation Office in Durango, Colorado, and then, for tracking purposes, the Probation Office will forward the payments to the Court for disbursement.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the probation officer, or the United States Attorney.

The Defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution.

DEFENDANT:  MARK L. HALPER
CASE NUMBER:  11-PO-00149-DLW-01                                                         Judgment-Page 7 of 7

## STATEMENT OF REASONS

The Court adopts the factual statements and guideline applications in the presentence report.

**Guideline Range Determined by the Court:**

    Total Offense Level:  N/A

    Criminal History Category:  N/A

    Imprisonment Range: N/A

    Supervised Release Term:  N/A

    Fine Range:  N/A          to   N/A

        The fine is waived because of the Defendant's inability to pay.

    Total Amount of Restitution:  $9,704.86

The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by the application of the guidelines.